IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WREMBUREN JONES, JR.                                                                    PLAINTIFF

v.                                              Civil No. 1:17-cv-1071

SHERYL MENDENHALL, Registered
Nurse, Ouachita County Detention Center
(OCDC); JAIL ADMINISTRATOR
JAMES BOLTEN, OCDC; and JAIL
SUPERVISOR DOUG WOODS, OCDC                                                            DEFENDANTS

## ORDER

Before the Court is Plaintiff Wremburen Jones Jr.'s failure to obey an order of the Court. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on November 30, 2017. (ECF No. 1). On June 20, 2018, Defendants filed a Motion for Summary Judgment. (ECF No. 15). On June 21, 2018, the Court entered an order directing Plaintiff to file a Response to Defendants' motion on or before July 12, 2018. (ECF No. 18). Plaintiff was advised in this order that failure to respond by the Court's imposed deadline would subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2). To date, the order has not been returned to the Court as undeliverable and Plaintiff has not responded to Defendants' Motion for Summary Judgment.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party

1

proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff failed to comply with the Court's order to file a Response to Defendants' Motion for Summary Judgment by July 12, 2018. Thus, Plaintiff has failed to obey an order of the Court. Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of August, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge